UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DAMASCO L. JOHNSTON, <br>     Plaintiff, <br> <br> vs <br> <br> HAMILTON COUNTY JUSTICE <br> CENTER, et al., <br>     Defendants. | Case No. 1:18-cv-864 <br> <br> Barrett, J. <br> Bowman, M.J. <br> <br> **ORDER AND REPORT** <br> **AND RECOMMENDATION** |

Plaintiff, an inmate at the Hamilton County Justice Center, has filed a prisoner civil rights action against the Hamilton County Justice Center and Deputy M. Evers. On February 26, 2019, the undersigned issued an Order and Report and Recommendation, finding that plaintiff could proceed with an excessive force claim against defendant Evers and recommending that the remainder of the complaint be dismissed for failure to state a claim upon which relief may be granted. (Doc. 12).

On April 4, 2014, plaintiff filed a motion to amend, seeking to add defendants Deputy Greer, Deputy Flinchum, Sgt. Kilday, Cap. Kerr, and Lt. D. Wilson. (Doc. 20). Plaintiff's motion to amend (Doc. 20) is hereby **GRANTED**.

This matter is now before the Court for a *sua sponte* review of the complaint, as amended, to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton*

*v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to

state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In plaintiff's original complaint, he alleged that defendant Evers kneed plaintiff in the ribs and struck him in the face during an altercation between plaintiff and another inmate. (*See* Doc. 11 at PageID 17). In the amended complaint, plaintiff names additional defendants based on their alleged "abuse of process" in connection with the incident. (Doc. 20 at PageID 119). The amended complaint includes the following factual allegations:

> Litigants the parties actively involved in Plaintiff lawsuit as witnesses in case. Deputy Greer and Flinchum who watched Deputy Evers violate my Fourth Amendment rights by using Excessive Force. Sgt. Kilday was the investigator officer on 9/7/2018 and her job title was to investigate what happen and take pictures of any injury's plus get statements to put inside a folder. Cap. Ker was called by Plaintiff mother, because I had a inmate to call her and let her know how Deputy Evers kneed me in my rib, then punched me 5 times in the face followed with another knee to the face on 9/7/2018 and she also was aware that everything

3

was caught on video. 9/19/2018 Cp. Kerr had called my mother while I was at court and told her he watched the tape and saw the other guy hit me first, but what every I said Deputy Evers did to me wasn't in the video, so I will be released off lock in. Lt. D. Wilson released me from lock in immediately, during hearing Plaintiff found guilty and given 20 days; however at the hearing there was no notation of which charges Plaintiff were found guilty of. Therefore Plaintiff released from lock in 9/19/2018.

(*Id.* at PageID 119–20).

Upon review of the complaint, as amended, the undersigned finds that plaintiff may proceed with his excessive force claim against defendant Evers. However, the remaining claims against the defendants named in the amended complaint should be dismissed for failure to state a claim upon which relief may be granted.

To the extent that plaintiff seeks to bring a due process claim based on the defendants' alleged "abuse of process," he fails to state a claim upon which relief may be granted. Plaintiff fails to allege facts showing that any defendant's actions had the effect of altering the term of his imprisonment or imposed restraints which amounted to an "atypical and significant hardship on [plaintiff] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). *See Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Mackey v. Dyke*, 111 F.3d 460 (6th Cir. 1997); *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 (6th Cir. 1995). Plaintiff does not allege facts showing that his disciplinary proceeding resulted in the lengthening of his prison sentence, the withdrawal of good-time credits, or the deprivation of any necessities of life. *Sandin*, 515 U.S. at 486; *Smith v. Corrections Corp. of America*, 5 F. App'x. 443, 444 (6th Cir. 2001) (thirty days of disciplinary segregation does not rise to level of atypical and significant hardship). *See also Jones*, 155 F.3d at 812 (6th Cir. 1998) (administrative segregation for two and a half years did not satisfy *Sandin*); *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997)

(administrative confinement for 117 days for lack of bed space could not satisfy *Sandin*); *Collmar v. Wilkinson*, No. 97-4374, 1999 WL 623708, at *3 (30 days in Security Control, 14 days in Disciplinary Control and six to eight months in Administrative Control were not atypical hardship under *Sandin*). *Cf. Wilkinson v. Austin*, 545 U.S. 209, 223-24 (2005) (holding that transfer to Ohio's "supermax" prison "imposes an atypical and significant hardship" given combination of extreme isolation of inmates, prohibition of almost all human contact, indefinite duration of assignment, and disqualification for parole consideration of otherwise eligible inmates). Because plaintiff does not have a protected liberty interest under the circumstances alleged, his complaint fails to state a due process claim.

Furthermore, to the extent that plaintiff seeks to hold defendants liable for their failure to investigate the incident or remedy the situation these claims should also be dismissed. Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior'" cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Nor does a prison official's alleged failure to adequately investigate claims of misconduct rise to the level of "encouragement" that would make the official liable for such misconduct. *Knop v. Johnson,* 977 F.2d 996, 1014 (6th Cir. 1992); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). Plaintiff's claims relating to the failure of defendants to properly investigate the incident should be dismissed because "[t]here is no statutory or common law right, much less a constitutional right, to an investigation." *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007); *see also Daniels v. Lisath*, No. 2:10-cv-968, 2011 WL 2710786, at *2 (S.D. Ohio July 13, 2011).

Accordingly, in sum, the claims raised against the defendants named in the amended complaint should be dismissed.

**IT IS THEREFORE ORDERED THAT:**

Plaintiff's motion to amend (Doc. 20) is **GRANTED**.

**IT IS THEREFORE RECOMMENDED THAT:**

The complaint, as amended, be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), with the exception of plaintiff's excessive force claim against defendant Evers.

        *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DAMASCO L. JOHNSTON,<br>    Plaintiff,<br><br>vs<br><br>HAMILTON COUNTY JUSTICE<br>CENTER, et al.,<br>    Defendants. | Case No. 1:18-cv-864<br><br>Barrett, J.<br>Bowman, M.J. |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).