# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Damaso L. Johnston,

    Plaintiff,

v.

Hamilton County Justice Center, et al.,

    Defendants.

Case No. 1:18-cv-00864

Judge Michael R. Barrett

## ORDER

This matter is before the Court on the Magistrate Judge's February 26, 2019 Report and Recommendation ("R&R") (Doc. 12) and April 24, 2019 R&R (Doc. 21).

Proper notice has been given to the parties, including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Plaintiff filed timely objections to both R&Rs (Docs. 13, 16, 19, and 23). The Magistrate Judge provided a comprehensive review of the record in the R&Rs and the same will not be repeated here except to the extent necessary to address Plaintiff's objections.

## I. STANDARDS OF REVIEW

Under 28 U.S.C. § 636(b)(1), determinations made by a Magistrate Judge are subject to the review of the district court. With respect to non-dispositive matters, and when the Court receives timely objections to an R&R, "the district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a). With respect to dispositive matters,

and when the Court receives timely objections to an R&R, the assigned "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

## II. ANALYSIS

Beginning with the Magistrate Judge's recommendation regarding Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. 4), the Magistrate Judge acknowledged Plaintiff's request to be transported from the Hamilton County Justice Center to a hospital for x-rays, as he alleges his chin bone is fractured and he is not receiving medical attention at the Hamilton County Justice Center (Doc. 12 at PageID 93-95). In his objections, he reiterates both his request to be seen at a hospital for x-rays and his allegation that his chin bone needs professional medical attention. (Doc. 16). He adds that he does not feel physically or emotionally safe around Defendant Evers (Doc. 19).

However, nothing in the Plaintiff's objections overcomes the Magistrate Judge's finding that Plaintiff had not alleged facts, or provided any supporting evidence, sufficient to warrant the issuance of a temporary restraining order or preliminary injunction. (Doc. 12 at PageID 93-95); *see City of Pontiac Retired Emps. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014) (explaining that, in determining whether to grant or deny a temporary restraining order or a preliminary injunction, this Court must consider four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the

movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction.") (per curiam) (en banc) (internal quotation marks omitted); *see also Workman v. Bredesen*, 486 F.3d 896 (6th Cir. 2007) (holding that, in the Sixth Circuit, the standard for obtaining a temporary restraining order and the standard for obtaining a preliminary injunction are the same). Accordingly, the Court is not convinced that the Magistrate Judge's recommendation is clearly erroneous or is contrary to law. *See* FED. R. CIV. P. 72(a).

Turning to the Magistrate Judge's recommendation that Plaintiff's Complaint, as amended, should be dismissed except as to his excessive force claim against Defendant Evers (Doc. 12 at PageID 93; Doc. 21 at PageID 125), and after a liberal review of Plaintiff's objections (Docs. 13, 23), the Court finds the objections to be general disagreements with the R&R, which are insufficient to direct the Court's attention to a specific issue with the recommended dismissals of all but one of his claims. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (holding that the objections of a petitioner appearing pro se will be construed liberally); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the Magistrate [Judge]'s report has the same effect as would a failure to object."). Plaintiff reiterates his belief that he has actionable claims against the other Defendants in light of their alleged failure to investigate or remedy the incident. (Doc. 23). However, the Magistrate Judge explained why Plaintiff's allegations fail to state a claim upon which relief may be granted and merely repeating those allegations does not convince the Court that the Magistrate Judge's recommendation is incorrect.

## III. CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** that the Magistrate Judge's February 26, 2019 R&R (Doc. 12) and April 24, 2019 R&R (Doc. 21) are **ADOPTED**. Consistent with those recommendations, it is **ORDERED** that

- Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. 4) is **DENIED**; and
- the Complaint, as amended (Docs. 11, 20) is **DISMISSED with prejudice**, **except as to Plaintiff's excessive force claim against Defendant Evers which remains pending**, pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915(A)(b).

**IT IS SO ORDERED.**

                                                  _/s Michael R. Barrett_____
                                                  Michael R. Barrett, Judge
                                                  United States District Court