# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

DAMASO L. JOHNSTON,　　　　　　　　　　　　Case No. 1:18-cv-864

　　Plaintiff,　　　　　　　　　　　　　　　　Cole, J.
　　　　　　　　　　　　　　　　　　　　　　　Bowman, M.J.
　　v.

HAMILTON COUNTY JUSTICE CENTER, et al.,

　　Defendants.

## REPORT AND RECOMMENDATION

On December 6, 2018, Plaintiff initiated this civil rights action against the Hamilton County Justice Center and Deputy M. Evers. On February 26, 2019, the undersigned recommended that Plaintiff's claim against Defendant Evers, concerning the excessive use of force, be permitted to proceed. After Plaintiff filed an amended complaint, the undersigned filed a second Report and Recommendation, again recommending that the excessive force claim be permitted to proceed, with all other claims and defendants to be dismissed. (Docs. 12, 21). The Court adopted the Report and Recommendation as the Order of the Court, and the undersigned entered a calendar order setting forth a discovery deadline of April 17, 2020 and a dispositive motion deadline of June 19, 2020. (Doc. 35). Currently pending is Plaintiff's Writ of Habeas Corpus Motion "To Get Time Off My Sentence." (Doc. 44).

Plaintiff previously filed a similar "motion to get time off my sentence," claiming that he had been wrongfully placed in "lock in" for thirteen days prior to his trial. (Doc. 39). The undersigned denied Plaintiff's prior motion on February 6, 2020. In the prior order, the undersigned explained:

> [T]his Court has no authority to grant Plaintiff the relief he seeks in the context of this civil rights lawsuit. Under 42 U.S.C. § 1983, Plaintiff's claim is limited to one seeking relief against a single Defendant for an alleged excessive use of force during Plaintiff's pretrial incarceration at the Hamilton County Justice Center. The sole Defendant in this case has no authority to reduce Plaintiff's sentence, but even if he did, Plaintiff could not obtain the relief he seeks in the context of this lawsuit, but must instead seek relief through a petition for writ of habeas corpus. See Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) ("This Court has held that a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)).

(Doc. 43).

On May 22, 2020, Plaintiff filed a new motion captioned as a "Write [sic] of Habeas Corpus Motion 'To Get Time Off My Sentence.'" In his latest motion, Plaintiff seeks a credit of sixty-five days based upon time he spent in "lock-in." (Doc. 44). On June 5, 2020, Defendant Evers filed a response in opposition to the motion, reiterating the prior analysis of this Court that it has no authority to grant Plaintiff the relief he seeks. (*See* Doc. 45).

Plaintiff's motion should be denied for the same reasons previously expressed. The motion explicitly seeks to have Plaintiff's sentence shortened by sixty-five days – a direct challenge to the duration of his sentence. (Doc. 44). However, even if Plaintiff has exhausted all available state court remedies, Plaintiff remains in state custody and therefore cannot obtain the relief he seeks in the context of this lawsuit but must instead seek relief through a <u>separate</u> lawsuit: specifically, by filing a petition of habeas corpus. *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) ("A prisoner in state custody cannot use a §1983 action to challenge 'the fact or duration of his confinement'. He must seek federal habeas corpus relief (or appropriate state relief) instead.") (quoting *Preiser*, 411 U.S. at 489).

Accordingly, it is **RECOMMENDED** that Plaintiff's Writ[] of Habeas Corpus Motion "To Get Time Off My Sentence" (Doc. 44) be **DENIED**.

<u>*s/Stephanie K. Bowman*</u>
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| DOMASO L. JOHNSTON, | Case No. 1:18-cv-864 |
| Plaintiff, | Cole, J. |
| vs. | Bowman, M.J. |
| HAMILTON COUNTY JUSTICE CENTER, et al., | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

4