**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| DAMASO L. JOHNSTON, | Case No. 1:18-cv-864 |
| Plaintiff, | Cole, J. |
| | Bowman, M.J. |
| v. | |
| HAMILTON COUNTY JUSTICE CENTER, et al., | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

On December 6, 2018, Plaintiff initiated this civil rights action against the Hamilton County Justice Center and Deputy M. Evers. Upon initial screening, the Court permitted only a single excessive force claim against Defendant Evers to proceed. (Docs. 12, 21, 35). On October 16, 2020, the undersigned filed a Report and Recommendation ("R&R") that recommended that Defendant's amended motion for summary judgment, (Doc. 54), be granted, and that this case be dismissed and closed. (See Doc. 64). Two additional R&Rs filed on different dates recommended the denial of habeas relief.

On February 11, 2021, the presiding district judge reviewed all three R&Rs. Rather than decline or adopt the R&R pending on the motion for summary judgment, the Court re-committed the case to the undersigned for further consideration of a post-R&R filing by Plaintiff. In accordance with the Court's instructions, the undersigned enters this Order.

**I.     The Submission of New Evidence Following Entry of the Report and Recommendation on Summary Judgment**

In the underlying (amended) motion for summary judgment, Defendant Evers sought judgment as a matter of law based upon two arguments: (1) that Plaintiff had failed

to exhaust his administrative remedies; and (2) that Defendant was entitled to qualified immunity. (Doc. 54).  Although Plaintiff filed several memoranda in opposition to the motion for summary judgment, Plaintiff did not challenge the evidentiary record supplied by Defendant in support of his motion, and provided no evidence of his own.  Based upon the uncontested record provided by the Defendant, which reflected that the force employed was objectively reasonable, the undersigned recommended that the Court find that the Defendant was entitled to qualified immunity. (Doc. 64).  By contrast, the R&R rejected Defendant's assertion that Plaintiff had failed to exhaust his administrative remedies prior to filing suit, concluding that Defendant had failed to supply the Court with sufficient evidence to grant judgment based upon that affirmative defense.

Objections must be filed within fourteen days of service of the R&R.  Based upon the date the R&R on summary judgment was filed, Objections were due to that R&R on or about October 30, 2020.   None were filed by that date.  However, on November 16, 2020,[1] Plaintiff filed a document entitled "Responding to Report and Recommendation" that was appropriately construed and docketed as untimely "Objections" to at least one of the pending R&Rs.[2]  On the same date in a separate envelope bearing the same November 12, 2020 postmark, Plaintiff filed a "motion to appeal to re-open excessive force claim" as well as an affidavit, (Doc. 67), that the presiding district judge construed as an untimely Objection to the R&R on summary judgment. (*See* Doc. 70 at 11-12, noting that Plaintiff had filed what "appears to be an objection" to the R&R on summary judgment,

---

[1] The postmark on the envelope reflects a mailing date of November 12, 2020, which still falls beyond the 14 days provided under Rule 72(b) for filing objections.
[2] Judge Cole determined that the document filed as Objections related to the separately filed R&Rs concerning Plaintiff's motions for habeas relief.

even though the document was captioned as a "Motion to Appeal to Re-Open Excessive Force Claim").

Judge Cole agreed that Plaintiff had failed to offer any evidence to contradict Defendant's version of the facts prior to the entry of the R&R on his excessive force claim, but re-committed the case to the undersigned in order to review the tardy affidavit attached to the "motion" a/k/a construed objection to the R&R.

> In this objection (assuming that is what it is), Johnston addressed only Evers' administrative exhaustion argument…. But, while not mentioning the qualified immunity issue, Johnston also submitted an affidavit containing his version of the events relating to Evers, thus potentially undercutting the R&R's treatment of that issue, which had been predicated on the lack of record evidence on that topic

(Doc. 70 at 12). "[A]lthough he failed to substantiate [his § 1983 claim] before the Magistrate Judge, the Court concludes that, given his late-submitted evidence, the proper course is to re-commit this matter to the Magistrate Judge for her consideration of that evidence in the first instance." (Doc. 70 at 14; *see also id*. at 16-18 (explaining that Plaintiff's construed objection would be considered in the interests of justice despite being both untimely and overly general, such that it was not entitled to de novo review)). "In particular, the Court instructs the Magistrate Judge: (1) to determine whether Johnston should be allowed to supplement the record with his newly tendered affidavit; and (2) if so, to determine whether, applying the Fourteenth Amendment excessive force standard described above, there is a genuine issue of material fact, based on this new evidence, as to Evers' qualified immunity defense." (*Id.* at 24).

Last, Judge Cole agreed with the reasoning in the R&R that the Defendant had not carried his burden to prove that Plaintiff failed to fully exhaust his administrative remedies, particularly with respect to the second and third steps of Ohio's 3-step procedure.

3

However, because the Court was re-committing the case to the undersigned to review whether Plaintiff's newly tendered affidavit should be considered, Judge Cole instructed the undersigned to also permit Defendant to supplement the record on the issue of exhaustion.

> [T]he Court also instructs the Magistrate Judge to allow Evers to supplement the record on the administrative exhaustion issue (and to allow Johnston to respond to any new evidence Evers provides). It may be that Evers can address the evidentiary shortcoming that the R&R identified as to the second and third steps of the grievance procedure.

(Doc. 70 at 27).

## II. Conclusion and Order

In order to comply with the re-commitment of this case from the presiding district judge on the still-pending motion for summary judgment, additional briefing and/or supplementation of the evidence of record is required.  Accordingly, **IT IS ORDERED:**

1) On or before **March 4, 2021**, Defendant Evers shall file a Supplemental Memorandum in Support of Summary Judgment that addresses the following issues: (a) whether to consider the November 9, 2020 affidavit that Plaintiff attached to his construed Objection to the R&R recommending summary judgment; (b) if the affidavit is considered, whether its contents create an issue of fact sufficient to defeat summary judgment; and (c) any relevant issues relating to the previously asserted administrative exhaustion defense;

2)  In addition to his Supplemental Memorandum, on or before **March 4, 2021**, Defendant Evers shall: (a) produce any additional evidence that may respond to the factual issues presented in Plaintiff's late-filed affidavit; and (b) supplement the record, if he can, on the administrative exhaustion issues;

3) On or before **March 22, 2021,** Plaintiff shall file a **single** Supplemental Reply Memorandum that addresses Defendant's Supplemental Memorandum and any evidentiary exhibits filed in accordance with paragraphs 1 and 2 of this Order.  **Notwithstanding the Court's lenience to date, Plaintiff is forewarned that strict compliance with this Order is expected. The undersigned ABSOLUTELY WILL NOT CONSIDER multiple memoranda or untimely filings.**

<u>s/Stephanie K. Bowman</u><br>
Stephanie K. Bowman<br>
United States Magistrate Judge